UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAMIRO MARTINEZ** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 08-4224** |
| **OFFSHORE SPECIALTY FABRICATORS, INC.** | * | **SECTION "L"(3)** |

### ORDER AND REASONS

The Court has pending before it Defendant Offshore Specialty Fabricators, Inc.'s motion to exclude expert testimony (Rec. Doc. 54). The court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.      Background**

This case arises out of an accident aboard the M/V MR. GILBERT.  The Plaintiff, Ramiro Martinez, was employed by Defendant Offshore Specialty Fabricators, Inc. ("Offshore") as a mechanic aboard the D/B WILLIAM KALLOP, a large offshore heavy lift derrick barge, when he was sent to repair a winch on a support vessel (the M/V MR. GILBERT, also owned by Offshore).  The Plaintiff alleges that on the MR. GILBERT he used a homemade sledgehammer, consisting of a sledgehammer head welded to a metal pipe, to hammer a pin into a winch.  He contends that using that sledgehammer in the conditions on the MR. GILBERT caused severe and permanent injuries to his spine and other portions of his body.  Plaintiff filed suit in this Court seeking maintenance and cure benefits as well as damages in the amount of three million dollars.  Defendant Offshore answered and denies liability.

At trial, Plaintiff intends to call Dr. Gerald S. George, Ph.D, to testify as an expert in

biomechanics.  Dr. George has submitted a written report in which he states two expert opinions. First, he opines that the homemade sledgehammer that Plaintiff used was defective.  He bases this opinion on a bend in the shaft of the sledgehammer and a crack in the weld between the shaft and the head of the hammer.  Dr. George opines that those features demonstrate that the hammer would have imparted high-impact, asymmetrical forces to the Plaintiff which increased the potential for injury.  Second, Dr. George opines that Plaintiff's working conditions were unsafe. He bases this on testimony that the Plaintiff was physically constrained by the work space area and forced to bend forward in order to swing the sledgehammer, which caused him to alter his swing mechanics in a manner that made spinal injury more likely.

Defendant now moves to exclude any testimony by Dr. George.  Defendant argues that Dr. George's testimony is inadmissible under Federal Rule of Evidence 702 and the *Daubert* jurisprudence because Dr. George's will not assist the trier of fact, is not the product of a reliable methodology, and is based on disputed facts.

**II.     Law & Analysis**

**A.     Rule 702 Standard**

"Trial courts have wide discretion in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence."  *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) (quotation omitted).  Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Under Rule 702 and *Daubert*, the Court must act as a gatekeeper to ensure that expert opinion testimony is "both reliable and relevant." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* (quotation omitted). With respect to reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

The proponent of expert testimony bears the burden of proof to show the testimony is reliable, relevant, and admissible. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). To meet this burden, a party cannot simply rely on its expert's assurances that he has utilized generally accepted scientific methodology. Rather, some objective, independent validation of the expert's methodology is required. *Id.* Nonetheless, the Court's role as a gatekeeper does not replace the traditional adversary system and the place of the finder of fact within that system. *Daubert*, 509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)). As a general rule, questions relating to the bases and sources of an expert's opinion go to the weight of that evidence, rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Additionally, the Fifth Circuit has noted that "the safeguards provided for in *Daubert* are not as essential in a case ... where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "[T]he trial court's gatekeeper role is significantly diminished in bench trials ... because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010).

**B.    Analysis**

The Defendant has a number of complaints about Dr. George's expert report, none of which require excluding his testimony.  First, Defendant argues that Dr. George has not performed sufficient tests or adequately articulated the basis of his opinion that the sledgehammer was defective.  According to Dr. George a bend in the hammer shaft made it more likely to injure a user, and a crack in the welding at the head of the hammer is physical evidence that the hammer in fact generated injurious forces.  Offshore argues that Dr. George has offered nothing more than his bare opinion that these properties of the hammer would have had any effect on the Plaintiff and has not attempted to quantify the forces involved or compare those forces to a wooden-handled sledgehammer.  However, Offshore has not suggested that Dr. George is not qualified as an expert in biomechanics.  The Court finds that Offshore's criticism of Dr. George's opinions is best saved for vigorous cross-examination.  In the bench trial of this matter, the Court can assign the appropriate evidentiary weight to Dr. George's testimony.

Second, Offshore complains that Dr. George "obviously does nothing to try to scientifically or objectively evaluate the testimony so as to conclude that [another witness's] version is accurate or that his own client's admissions should be ignored."  (Rec. Doc. 54-3).

Specifically, Offshore refers to disputed testimony regarding which hammer Plaintiff was using at the time of the accident or how long he used it, as well as the precise working conditions at the time of the accident.  But disputes as to the factual basis of an expert opinion go to the weight of that opinion, not its admissibility, and are ripe for cross-examination.  *See Primrose Operating Co.*, 382 F.3d at 562.  Simply disagreeing with the underlying facts relied on by an expert is not grounds for excluding that expert under *Daubert*; the Court is concerned with screening unreliable methodologies, not judging conclusions.  Offshore may attempt to prove at trial that the Plaintiff's account of the accident is inaccurate or inconsistent and cross-examine Dr. George regarding those disputed assumptions.

### III. Conclusion

For the foregoing reasons, Defendant's motion to exclude (Rec. Doc. 54) is DENIED.

New Orleans, Louisiana, this 2nd day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE